IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAN STUART TAYLOR, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 22-CV-242-RAW-DES ) |
| WILLIAM "CHRIS" RANKINS, | ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

This action is before the Court on Respondent's motion to dismiss (Dkt. 9) Petitioner's petition for a writ of habeas corpus (Dkt. 1). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma. He is attacking his conviction in Cherokee County District Court Case No. CF-2008-362 for Assault and Battery with a Deadly Weapon with Force Likely to Produce Death (Count 1) and Burglary in the Second Degree (Count 2). (Dkts. 1 at 1, 10-1). He raises one ground for relief--that the "State of Oklahoma lacked jurisdiction to prosecute [him] as [he] is 9/64 Cherokee and the crime was committed in Cherokee County." (Dkt. 1 at 4). Petitioner has not filed a response to Respondent's motion.

**I.     Procedural History**

The record shows that on April 12, 2010, Petitioner entered pleas of nolo contendere to the two counts in Case No. CF-2008-362 and was sentenced to twenty-five years' imprisonment for Count 1 to run concurrently with seven years' imprisonment for Count 2. (Dkt. 10-1). Both sentences were ordered to run concurrently with each other and with Cherokee County District Court Case No. CF-2010-133. *Id.* He also was ordered to pay costs and fees. *Id.*

On April 20, 2010, Petitioner filed a pro se letter with the state district court, seeking to "withdraw [his] plea[s] and have a jury trial." (Dkt. 10-2). Petitioner filed a second letter the following day, on April 21, 2010, again requesting to withdraw his pleas (Dkt. 10-3). The district court construed the letters as a motion to withdraw plea, and denied the motion on May 20, 2010.

(Dkts. 10-4 at 2, 11; 10-5 at 10). Petitioner appealed the denial of his motion to the Oklahoma Court of Criminal Appeals (OCCA), however, he later filed a motion to dismiss his appeal on July 26, 2010. (Dkts. 10-4, 10-6). The OCCA granted Petitioner's motion and dismissed his appeal on August 6, 2010. (Dkt. 10-7).

More than nine years later, on January 22, 2019, Petitioner filed an application for post-conviction relief, arguing that his Judgment and Sentence listed the incorrect crime for Count 1. (Dkt. 10-8 at 2-3). Specifically, Count 1 of Petitioner's Judgment and Sentence was listed as Assault and Battery with a Dangerous Weapon, when he actually was convicted of Assault and Battery with a Deadly Weapon. (Dkt. 10-9 at 2-3). The State responded to Petitioner's application on January 29, 2019, and noted that this clerical error had been corrected in an Amended Judgment and Sentence, which was filed on September 6, 2018. (Dkt. 10-9 at 2-3). In light of this, the State argued that Petitioner's application "does not raise a genuine issue of material fact" and should be dismissed. (Dkt. 10- 9 at 6). The district court denied Petitioner's application on March 15, 2019. (Exhibit 10-10). Petitioner filed a Notice of Post-Conviction Appeal on March 27, 2019, however, he withdrew his notice the next day. (Dkt. 10-11; 10-12).

Following the Tenth Circuit Court of Appeals' decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), Petitioner filed a series of motions in the state district court, seeking relief from his conviction and sentence. In the first "Motion to Modify," filed on May 6, 2019, Petitioner argued that the State lacked jurisdiction to convict him, because he is an Indian, and his crimes took place in Indian Country. (Dkt. 10-13). The State responded to Petitioner's motion on May 13, 2019, arguing that Petitioner's motion should be denied, as there had not yet been any ruling from the Supreme Court concerning *Murphy*. (Dkt. 10-14). The district court denied Petitioner's motion "for lack of jurisdiction" on May 17, 2019. (Dkt. 10-15).

Less than a month later, on June 10, 2019, Petitioner filed a second motion to modify, arguing that the State lacked jurisdiction to convict him, because he is an Indian, and his crime was covered in the Major Crimes Act, 18 U.S.C. 1153(a). (Dkt. 10-16). The district court denied this

motion on June 20, 2019. (Dkt. 10-17). Shortly thereafter, on July 8, 2019, Petitioner filed a third motion to modify, reasserting the same jurisdiction claim. (Dkt. 10-18). On August 5, 2019, the state district court once again denied Petitioner's motion, noting that, "[t]he holding in *Murphy* does not have any impact upon pending cases at this time," and that, "no Application/Motion for Post-Conviction Relief should be granted by this Court pursuant to a claim for lack of jurisdiction until such time as there is a final decision rendered by the United States Supreme Court . . . ." (Dkt. 10-19).

On August 18, 2020, shortly after the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct 2452 (2020), Petitioner filed a second Application for Post-Conviction Relief, raising the same jurisdiction claim. (Dkt. 10-10). The district court denied Petitioner's application on August 21, 2020. (Dkt. 10-21). In reaching this decision, the district court noted that *McGirt* "only addressed crimes committed by Tribal Members within the boundaries of the Creek Nation Reservation." *Id.* at 1. The district court further noted that the OCCA was "currently considering whether the United States Congress established a reservation for the Cherokee Nation," and thus held that Petitioner's application was "not ripe for decision." *Id.*

Petitioner appealed the district court's holding to the OCCA, and on March 24, 2021, the OCCA ordered that the case be remanded for an evidentiary hearing. (Dkt. 10-22). On June 22, 2021, however, the OCCA stayed the proceedings "until issues pending before the United States Supreme Court [in the State's appeal from (*Bosses v. State*, 484 P.3d 286 (Okla. Crim. App. 2021) and this Court (*State ex rel. District Attorney v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021)] are resolved." (Dkt. 10-23 at 1) (parallel citations omitted). A few months later, on September 30, 2021, the OCCA affirmed the denial of Petitioner's post-conviction application, noting that its recent decision in *Wallace* precluded a retroactive application of *McGirt* to void a final state conviction. (Dkt. 10-24).

On August 29, 2022, Petitioner filed this habeas corpus petition. Respondent maintains the petition is time-barred under 28 U.S.C. § 2244(d)(1). (Dkt. 10 at 4-5).

## II.     Statute of Limitations

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).  Section 2244(d) provides that:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.     Applicability of § 2244(d)(1)(A)

Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner had one year from the date his conviction became final by the expiration of time for seeking direct review in which to file a habeas corpus petition.  While he initiated an appeal of the state district court's denial of his motion to withdraw his plea, he subsequently moved to dismiss the appeal on July 26, 2010. (Dkt. 10-6).  Therefore, his conviction became final on August 6, 2010, when the OCCA granted Petitioner's motion and dismissed his appeal. *See Wilson v. Doling*, No. CIV-16-343-D, 2017 WL 95431, at *2 (W.D. Okla. Jan. 10, 2017) (citing cases) (unpublished) (finding a petitioner's petition became final when the OCCA granted his request to dismiss his appeal), *certificate of appealability denied*, 702 F. App'x 724 (10th Cir. 2017).  The statute of limitations began to run the next day on August 7, 2010, and

expired one year later on Monday, August 8, 2011. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the one-year statute of limitations begins to run the day after the judgment and sentence is final).

The tolling statute, 28 U.S.C. § 2244(d)(2), provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Only a state petition filed within the one year allowed by the AEDPA, however, can toll the statute of limitations. *See Clark v. Oklahoma*, 468 F.3d 711, 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.") (citations omitted).

Here, Petitioner did not begin to seek post-conviction relief until long after his statutory year expired. He filed his first post-conviction application on January 22, 2019, more than seven years after his statute of limitations expired. (Dkt. 10-8). Because this application was filed after the expiration of the limitation period under 28 U.S.C. § 2244(d), Petitioner cannot use it to revive an already-lapsed limitations period. *Fisher v. Gibson*, 262 F.3d at 1142-43 (10th Cir. 2001). Petitioner's habeas petition clearly is not timely with respect to § 2244(d)(1)(A).

**B.   Applicability of § 2244(d)(1)(B)**

Arguing that his habeas petition is timely, Petitioner asserts that "[t]he State of Oklahoma created an impediment to my filing by refusing to recognize that the Cherokee and other Indian Tribes Reservations still exist as Indian Reservations." (Dkt. 10-9). Petitioner appears to be arguing that the State's alleged refusal to acknowledge tribal reservations impeded his capacity to file a timely post-conviction application or habeas petition to trigger § 2244(d)(1)(B). This argument, however, must fail.

Pursuant to 28 U.S.C. § 2244(d)(1)(B), an impediment "created by State action in violation of the Constitution or laws of the United States" typically occurs "when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library,"

5

and importantly, "the state-created impediment must have actually prevented the inmate from filing his application." *Aragon v. Williams*, No. 20-1188, 819 F. App'x 610, 613 (10th Cir. June 25, 2020) (unpublished), *cert. denied*, 141 S.Ct. 1106 (2021) (citing *Garcia v. Hatch*, No. 09-2131, 343 F. App'x 316, 318 (10th Cir. Aug. 28, 2009)). *See also Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) ("Sigala's position is unavailing because the impediment he alleges is not 'State action in violation of the Constitution or laws of the United States.'") (quoting 28 U.S.C. § 2244(d)(1)(B)).

Here, Petitioner does not allege any action by the State that actually prevented him from filing a habeas petition. Instead, the extent of Petitioner's claim appears to be that any effort to obtain relief would have been futile, because Oklahoma had not recognized the continued existence of Indian reservations for the purposes of subject-matter jurisdiction. "[E]xpected legal futility does not trigger a new start date under §2244(d)(1)(B)." *Donahue v. Harding*, No. CIV-21-183-PAW, 2021 WL 4714662, at *4 (W.D. Okla. Sept. 15, 2021) (unpublished). *See also Heuston v. Bryant*, 735 F. App'x 964, 967-68 (10th Cir. 2018) (unpublished) (concluding reasonable jurists could not debate the correctness of the district court's ruling that "futility is not a valid justification for filing an untimely § 2254 petition" under § 2244(d)(1)(B)); *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000) (noting the difference between "impediment" and "futile" and concluding § 2244(d)(1)(B) did not apply, because although "an effort by Minter to obtain habeas relief prior to [a change in law] may have been incapable of producing a successful result, the effort itself was still possible"). Based on the above authority, § 2244(d)(1)(B) does not provide Petitioner a new triggering date for filing his habeas petition. In addition, he does not appear to invoke § 2244(d)(1)(C) or § 2244(d)(1)(D). Furthermore, as shown above, he is untimely with respect to § 2244(d)(1)(A). Petitioner's habeas petition is barred by AEDPA's statute of limitations.

### C. "Jurisdictional Challenge"

Petitioner also appears to assert that his habeas claim is a "jurisdictional challenge" that never can be waived, and is therefore not subject to the AEDPA statute of limitations. (Dkt. 1 at 9). He is incorrect. *See Berry v. Braggs*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *4 (N.D.

Okla. Oct. 22, 2020) (unpublished) ("[P]etitioner's assertion that issues of jurisdiction 'should never be subject to procedural bar'. . . is simply incorrect." (collecting cases)); *Ross v. Pettigrew*, No. 20-CV-0396-JED-CDL, 2021 WL 1535365, *3, n.5 (N.D. Okla. Apr. 19, 2021) (unpublished) (dismissing habeas petition filed by Oklahoma prisoner, and predicated on *McGirt*, as time-barred because "the plain language of § 2244(d)(1) provides no exception for due-process claims challenging subject-matter jurisdiction"); *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2, n.4 (N.D. Okla. Apr. 19, 2021) (unpublished) (same). *McGirt* makes it very clear that state and federal procedural bars remain applicable to claims that may arise from the decision. *See McGirt*, 140 S. Ct. at 2479 ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings."). "Many other legal doctrines--procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored under a mistaken understanding of the law." *Id.* at 2481. One of those "well-known" limitations is AEDPA's statute of limitations. For these reasons, Petitioner's arguments that he has timely filed this habeas petition must be denied.

 D. **Equitable Tolling**

Petitioner carries the burden of establishing equitable tolling, *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008), however, he has failed to allege or argue equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to plead facts in support of equitable tolling, he is not entitled to such relief.

 E. **Actual Innocence**

Petitioner also has not raised a claim of actual innocence to excuse his untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (habeas petitioners can overcome the AEDPA by plea of actual innocence). Such claims, however, must be based on "factual innocence, not mere

7

legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner's claim regarding the State's lack of jurisdiction is, at best, a claim of legal innocence, not factual innocence. *See Jones v. Pettigrew*, CIV-18-633-G, 2021 WL 3854755, at *4 (W.D. Okla. Aug. 27, 2021) (*McGirt*-based jurisdictional claims did not implicate actual innocence).

### III. Conclusion

After careful review, the Court finds Petitioner failed to file this petition for a writ of habeas corpus within the AEDPA's one-year limitation period, pursuant to 28 U.S.C. § 2244(d)(1), and he has not made a colorable argument for tolling, extraordinary circumstances, or actual innocence. Therefore, the Court finds Respondent's motion to dismiss (Dkt. 9) should be granted.

### IV. Certificate of Appealability

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 9) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 5th day of September 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE